UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KARA SZCZOMAK
    Plaintiff

-vs-

Case: 2:07-cv-11931
Assigned To: Cleland, Robert H
Referral Judge: Komives, Paul J
Filed: 05-03-2007 At 09:38 AM
CMP SZCZOMAK V. OMNI CREDIT SERVICES OF FLORIDA, INC., ET AL (TAM)

**DEMAND FOR JURY TRIAL**

OMNI CREDIT SERVICES OF FLORIDA, INC,
MELANIE DOE,
    Defendant

Ian B. Lyngklip (P47173)
Lyngklip & Taub Consumer Law Group, PLC
Attorney For Kara Szczomak
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790

## COMPLAINT & JURY DEMAND

*Kara Szczomak states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Kara Szczomak who resides in Shelby Twp, MI 48315.

4. The Defendants to this lawsuit are as follows:

   a. Omni Credit Services of Florida, Inc ("Omni Credit") which is a corporation doing business in Michigan and residing at PO BOx 23381, Tampa, FL 22623.

   b. Melanie Doe ("Melanie") who is a natural person who at all times relevant to this complaint was an agent and debt collector of Omni Credit.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Oakland County.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. Some time prior to March 15, 2007, Omni Credit was engaged by Macys to collect a debt allegedly owed by Kara Szczomak.

8. The debt in question related to a Macys account opened by Ms. Szczomak's mother in or around calendar year 2002.

9. The account is in default, and was discharged by Ms. Szczomak's mother in bankruptcy.

10. At the time the account was opened, Ms. Szczomak's mother named Ms. Szczomak as an authorized user on the account.

11. Ms. Szczomak never signed to open the account.

12. Ms. Szczomak never agreed to be responsible for the account or the charges of her mother in relation to the account.

13. No one ever sent Ms. Szczomak Truth in Lending Act disclosures relating to the account.

14. At the time the account was opened, Ms. Szczomak was a minor and did not have the legal capacity to enter into any agreement for the account.

15. Ms. Szczomak never received a charge plate for the account.

16. Ms. Szczomak has not used the account since 2005 at which time she had requested removal as an authorized user (a request which was declined by the account holder).

17. None of the charges on the account were attributable to charges by Ms. Szczomak.

18. Simply put, Ms. Szczomak does not owe the money that Omni Credit and Melanie sought to collect from her.

19. Ms. Szczomak never benefitted from the used of the account in relation to the current charges sought by Macys and Omni Credit.

20. For the past four years, Ms. Szczomak has been a student at Western Michigan University, living on campus and community home.

21. Ms. Szczomak is preparing to graduate with a Bachelor's degree and hopes to go on to medical school t be come a Physician Assistant following the Graduate Records Exam.

22. In 2006, Ms. Szczomak's mother filed for bankruptcy.

23. Shortly thereafter, Macy's began to send statements in Ms. Szczomak's name only to her parents home.

24. Ms. Szczomak disputed these statements to Macys and informed Macys that she did not open the account or agree to pay for it.

25. After billing her for four months, Macys turned the matter over to Omni Credit sometime around February or March of 2007.

26. On March 15, 2007, Omni sent an initial communication to Ms. Szczomak regarding the debt.

27. Almost immediately following the letter, Melanie began almost daily calls to Ms. Szczomak's cell phone.

28. During these calls Melanie would verbally abuse, demean, and mock Ms. Szczomak.

29. Melanie specifically threatened to destroy Ms. Szczomak's credit history.

30. In repeated conversations, Ms. Szczomak advised Melanie that she did not owe the debt, that the account was her mothers, that the account had been discharged in bankruptcy, that she had not opened the account, and that she had good credit.

31. In these conversations, Ms. Szczomak repeatedly placed Omni Credit and Melanie on notice that the debt was not owed and all the information which they had about her was inaccurate.

32. Melanie regularly dismissed these disputes and regularly shouted over Ms. Szczomak in such a way as to convey that she was not listening to the disputes.

33. Eventually, Melanie responded "good luck with that" and advised Ms. Szczomak to attempt to obtain credit so as to find out how her credit had been effected by Omni Credit.

34. Ms. Szczomak did just that and learned that she was no long credit worthy as a direct result of the actions of Omni Credit.

35. Additionally, when Ms. Szczomak attempted to assert her rights under the Fair Debt Collection Practices Act, Melanie demeaned those efforts and informed her that she would continue with her current course of action, unabated and undeterred.

36. Omni Credit and Melanie have continued to repeatedly call Ms. Szczomak on her cell phone and leave automated messages.

37. Omni Credit and Melanie have continued to post false information on her credit report.

38. Omni Credit and Melanie have continued to collect money that Ms. Szczomak does not owe.

39. Simply put, Ms. Szczomak notified Omni Credit and Melanie that she didn't owe the money, but they refused to believe her or stop collecting.

40. Also, as a result of Omni Credit's activities, Ms. Szczomak was denied student loans which may forestall her ability to begin her medical training, and which may artificially trigger the due date for her student loans, loans which she can ill afford to pay if she does not complete her education.

41. In order to simply complete her current year of education, Ms. Szczomak has had to rely on family instead of student loans to complete her studies.

42. Melanie repeatedly demeaned Ms. Szczomak based upon her mother's bankruptcy, and taunted her about the fact that her mother had left her to pay the debt after having evaded payment herself.

43. Melanie repeatedly and left the same automated message, time and time again.

44. As a direct result of these collection efforts by Omni Credit and Melanie, Ms. Szczomak has suffered from uncontrollable crying, vomiting, and panic attacks.

45. Ms. Szczomak suffers from epilepsy, a condition which can cause grand mal seizures when she is placed under increased stress.

46. These seizures are signaled for Ms. Szczomak by flashing lights.

47. As a result of these collection efforts, Ms. Szczomak has increasingly seen the warning signs of an impending seizure, doubly compounding her stress.

48. As a result of these collection efforts, Ms. Szczomak has had to increase her epilepsy medication which causes loss of energy, concentration, and numbness in her body.

49. Omni Credit and Melanie have abused and harassed Ms. Szczomak.

50. Omni Credit and Melanie have treated Ms. Szczomak unfairly and deceptively in relation to the debt and Ms. Szczomak's liability for it.

51. Omni Credit and Melanie have made misleading representations to Ms. Szczomak regarding the debt and her liability for it.

## COUNT I – Fair Debt Collection Practices Act (Omni Credit and Melanie)

52. Ms. Szczomak incorporates the preceding allegations by reference.

53. At all relevant times Omni Credit – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

54. At all relevant times Melanie – in the ordinary course of her business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

55. Omni Credit is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

56. Melanie is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

57. Omni Credit has violated the FDCPA

58. Ms. Szczomak has suffered damages as a result of Omni Credit's violations of the FDCPA.

## COUNT II – Michigan Occupational Code (Omni Credit) as alternative to claims under the Michigan Collection Practices Act

59. Ms. Szczomak incorporates the preceding allegations by reference.

60. Omni Credit is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

61. Ms. Szczomak is a debtor as that term is defined in M.C.L. § 339.901(f).

62. Omni Credit has violated the MOC.

63. Ms. Szczomak has suffered damages as a result of Omni Credit's violations of the

Michigan Occupational Code.

64. Omni Credit's violations of the Michigan Occupational Code were willful.

## COUNT III – Michigan Debt Collection Practices Act (Omni Credit) as alternative to claims under the Michigan Occupational Code

65. Ms. Szczomak incorporates the preceding allegations by reference.

66. Omni Credit is a "regulated person" under the Michigan Collection Practices Act ("MDCPA"), M.C.L. § 445.251(g)(xi).

67. Omni Credit has violated the MCPA

68. Ms. Szczomak has suffered damages as a result of Omni Credit's violations of the MCPA.

69. Omni Credit's violations of the Michigan Collection Practices Act were willful.

## Demand for Jury Trial

70. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

71. *Accordingly, Ms. Szczomak requests that the Court grant:*

   a. *Equitable relief under statute and common law, in the form of a declaration that the amount sought by Defendant is not actually owed and an injunction prohibiting further collection of those amounts.*

   b. *Actual damages.*

   c. *Statutory damages.*

   d. *Treble damages.*

e.  *Statutory costs and attorney fees.*

                                    Respectfully Submitted,

                                    LYNGKLIP & TAUB
                                    CONSUMER LAW GROUP, PLC

                                    By:_____
                                    Ian B. Lyngklip (P47173)
                                    Attorney For Kara Szczomak
                                    24500 Northwestern Highway, Ste. 206
                                    Southfield, MI 48075
                                    (248) 746-3790
                                    ILyngklip@Pop.Net

Dated: May 2, 2007

(Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose __MACOMB__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**ORIGINAL**

## I. (a) PLAINTIFFS
KARA SZCZOMAK

**DEFENDANTS**
OMNI CREDIT SERVICES OF FLORIDA, INC., MELANIE DOE

(b) County of Residence of First Listed Plaintiff __MACOMB__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lyngklip & Taub Consumer Law Group, PLC.
24500 Northwestern Highway - Ste 206, Southfield, MI 48075-2406
(248) 746-3790

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

Case: 2:07-cv-11931
Assigned To: Cleland, Robert H
Referral Judge: Komives, Paul J
Filed: 05-03-2007 At 09:38 AM
CMP SZCZOMAK V. OMNI CREDIT SERVICES OF FLORIDA, INC., ET AL (TAM)

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ■ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

480

## V. ORIGIN (Select One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 usc 1692k(d) and 28 USC 1331,1337
Brief description of cause:
Omni Credit Services of Florida, Inc. is in violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/2/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :